IN THE UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF TENNESSEE
__Eastern__ DIVISION

RECEIVED
FEB 1 2016
CLERK, U.S. DIST. COURT
WESTERN DIST. OF TENN

Jeremy Galyon #305722,
H.C.C.F. G-A 116,
P.O. Box 549,
Whiteville, Tennessee, 38075
Plaintiff(s),
Pro Se

Vs.

Docket/Complaint No._____

JURY TRIAL DEMANDED

Correction Corp. of America,
H.C.C.F.,
2520 Union Springs Rd.,
Whiteville, Tennessee 38075
Respondents.
et. al.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## UNDER 42 U.S.C. §1983

PREVIOUS LAWSUITS

A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (X)

If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit on another piece of paper, using the same outline.)

Plaintiff(s) _____

_____

_____

1.

Defendant(s) _____

_____

_____

Court [if federal court, name the district; if state court, name the county]

_____

Docket number: _____

Name of judge to whom case was assigned: _____

Disposition [for example: was the case dismissed? Was it appealed? Is it still pending?]

_____

Approximate date of filing lawsuit: _____

Approximate date of disposition: _____

II.   PLACE OF PRESENT CONFINEMENT:

                             Hardeman County Correctional Facility
                             2520 Union Springs Road
                             PO Box 549
                             Whiteville, TN 38075-0549

Is there a prisoner grievance procedure in this institution?   Yes  (X)   No (....)

Did you present the facts relating to your Complaint in the state prisoner grievance procedure?   Yes (X)   No ( )

If your answer is yes,

What steps did you take? _Filed Grievance, No action taken by the Grievance Committee._

What was the result? _No action taken in regard to the Grievance or Solution requested_

If your answer is "no" explain why not: _____

_____

_____

_____

If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?   Yes ( )   No ( )

If your answer is yes,

What steps did you take? _____

_____

_____

_____

What was the result? _____

_____

_____

_____

III.   PARTIES:

[In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.]

Name of Plaintiff(s): **Jeremy Galyon #305722**
**Pro-se**

Address: **H.CCF. P.o Box 549, Whiteville TN 38075**

[In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item C for the names, positions and places of employment of any additional Defendants.]

Name of Defendant: Correctional Corporation of America, et.al.

_____ is

~~employed~~ as Prison Contractor at Hardeman County Correctional

Name(s) of additional Defendants: Dr. Richardson, Health Administrator Alicia Cox, Nurse Collett, Nurse Powers, Dr. Dietz, Lt. King, Capt. Grier, D.Board Supervisor Futrell, Unit Manager Jones, TDOC Liasion Petterson, (and) Tennessee Department of Corrections

IV.  STATEMENT OF CLAIM:

[State here as briefly as possible the facts of your case. Describe how each Defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach additional sheets if needed.]

(1.) Broke my wrist, went to prison clinic, was taken to outside hospital, X-Ray showed 2 broke bones, come back, was sent to my unit, only had a sling placed on wrist at outside hospital, doctor there said that prison clinic would place a cast on wrist, 3 weeks later a cast was put on my wrist by prison clinic, still have severe pain in the wrist, was not ex-rayed here at the prison. Tried to see someone at prison clinic, received notice from Nurse Collett, that I would not be seen at clinic, by Doctor Richardson, later Dr. Dietz. (2.) Wrote a Grievance on Lt. King for Violation of Title VI, was returned as not articulating discrimination, have been retaliated against for this action by Lt King, Capt. Grier, D-Board Futrell, Unit Manager Jones, and TDOC Liasion Petterson, was placed in Behavior Modification Pod for 8 months, unjustified by anyone, simple harassment, retaliation, lost good days, access to any news media, loss of Job, loss of State pay, loss of Parole because of write-ups. All with the assistance of TDOC Liaison Petterson at Displinary Board.

V.  RELIEF

[~~State briefly EXACTLY what you want the Court to do for you.~~] Make no legal arguments.

Cite no statutes:

4.

## ISSUES PRESENTED

1. Corrections Corporation of America, Contracting with the State of Tennessee, as well, with the Tennessee Department of Corrections, (TDOC) has an obligation under the law, in accord with Tennessee Department of Corrections Policys, to abide by the State Statutes pertaing to State Prisoners, the TDOC Policys pertaing to the treatment of State Prisoners, and failure to abide by the foregoing would violate Tennessee Constitution, as well the United States Constitution, 8th Amendment and 14th Amendment, which prohibits cruel and unusual treatment upon this Plaintiff, all happening on March 12, 2015, and thereafter.

This would include the employees of Corrections Corporation of America, which are Lt. King, Capt. Grier, D-Board Chairperson Futrell, Unit Manager Jones, as well any CCA Employee, who may become known at a later date. The CCA Employees were deliberately indifferent to the rights of this Plaintiff, which placed Plaintiff in fear of immenent danger of assault, because of the actions of CCA Employees, King, Grier, Futrell, and Jones. Their actions placed Plaintiff in an atmosphere where he could be assaulted by other inmates, because of the lack of respect and violations of Plaintiffs rights to be free of harassment, retaliation because this plaintiff filed a Title VI Grievance against Lt. King, in which was one factor in removing Lt. King from her position at Hardeman County

Correctional Facility. The other CCA Employees aided Lt. King in retaliation against this Plaintiff, by aiding Lt. King with Displinary Offenses, and Convictions, at the Displinary Board, and by placing Plaintiff in a Modification Pod, which was unjustified, but placed Plaintiff in an atmosphere where he could be assaulted or killed, which is a common practice here at Hardeman County Correctional Facility. This Plaintiff lost "Good Days" because of the unjustified treatment which would extend the length of incarceration, placed Plaintiff in a position of losing his upcoming Parole, which he lost because of the Displinary Offenses. Plaintiff was placed in Behavioral Modification Pod, for a period of (8) months, when the duration of confinement was not to exceed (45) days. This would be in retaliation for filing a Grievance against Lt. King.

The Tennessee Department of Corrections Liasion Peterson, sit at the Displinary Hearing, would not enject himself into the wrongful actions of the Displinary Board, or Direct the Board and its officers to abide by the Tennessee Department of Corrections Policy and Guidelines, and allowed an unjustified conviction for a Displinary Infraction, which placed Plaintiff in the Behavioral Modification Pod without justification, and this same Pod has been now closed and discontinued for various reasons.

6.

Unit Manager Jones, Capt. Grier, D-Board Chairperson Futrell conspired to convict Plaintiff of diciplinary infractions to retaliate against Plaintiff, and accomplished their misson, however, could not save the job of Lt. King at Hardeman County Correctional Facility. This actions of the defendants placed this Plaintiff in danger of assaults, put unjustified stress upon Plaintiff, as this Plaintiff in under medical care for depression, and takes medicine from the Mental Health Staff here at Hardeman County Correctional Facility.

(2.) The medical staff at Hardeman County Correctional Facility failed to properly treat this Plaintiff for the broken wrist, that he acquired while walking down the hallway coming from the Rec-yard. There was a slick residue on the hall floor, which had not been cleaned-up by the prison staff or the CCA staff. This Plaintiff went directly to the prison clinic, and was seen by nurse, Plaintiff was sent by prison van to Jackson General Emergency Room, and a Nurse Practioner placed a wrap upon the broken wrist, sent Plaintiff back to Hardeman County Correctional Facility, that it would be taken care of upon my return to the prison. The Plaintiff was shackled, handcuffed with a belly ban/chain going and coming to the hospital and back to the prison, which caused sertous pain to the broke wrist and arm. Upon returning to the

7.

the prison, was referred to Dr. Richardson, who placed another wrap on the wrist a week later. The wrap stayed on Plaintiff for approximately two weeks, then was referred to Dr. Dietz, who placed a cast upon Plaintiff's right wrist, without taking any X-rays. That cast that Dr Dietz placed on Plaintiff's right wrist broke into half in three days, because Plaintiff was placed on a Top-Bunk in Unit GB. Plaintiff told Dr. Dietz that he was having sharp pains to the wrist area after falling from the top bunk, however Dr. Dietz failed to even E-Ray the Plaintiff's right wrist, only placed a full cast on Plaintiff's right wrist and arm. The medical staff failed to even consider the risk of serious medical harm to Plaintiff, has allowed the Plaintiff to suffer severe pain, and a permanet damage to the right wrist, that can only be corrected by later surgery, which will cause severe pain and possible disfigurement to this Plaintiffs wrist and right arm. It is evident that the prison medical staff has failed to attend or treat the serious medical needs of this Plaintiff, causing severe pain and mental stress upon this Plaintiff, which would be punishment, which was not part of the sentence from the Trial Court. The TDOC Liasion has completely failed to see that all the Defendants abide of the State laws concerning the rights of prisioners, has completely failed to see that all the defendants abide by the Tennessee Department of Corrections Policy, and has failed to protect the rights of this Plaintiff which he is obligated under law to do.

8.

5 million in Punitive Damages against each Defendant in their Offical Capocity
5 million in Compensatory Damages against each Defendant in their Official capacity.
1 million in Punitive Damages against each Defendant in their Personal Capacity
1 million in Compensatory Damages against each Defendant in their Personal Capacity. All future medical bills, treatment, Attorney fees, Expert witness Fees, and that I be Granted Parole.

Signed on this 28th day of January, 20 16

_____
Plaintiff

I declare under penalty of perjury that the foregoing is true and exact, to the best of my knowledge, information and belief.

1-28-16
Date

_____
Plaintiff

## DETERMINATION OF NON-INDIGENCY

It appearing based upon the Affidavit of Indigency filed in this Cause and after inquiry made that the Plaintiff is not an indigent person because:

_____
HONORABLE JUDGE

9.